■ Louis Nappi, Appellant, v St. John's Cemetery et al., Respondents. —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County, entered July 10, 1979, which granted the defendants' motion pursuant to CPLR 3216 to dismiss the action for failure to prosecute the same. Order reversed, without costs or disbursements, and the motion to dismiss is denied on condition that the plaintiff's attorney, personally, pay the total sum of $250 to the defendants within 30 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. In the event such condition is not timely complied with, then order affirmed, with $50 costs and disbursements. Orderly procedure mandates timely compliance with a 90-day notice served pursuant to CPLR 3216, and where it appears that a valid reason may exist for a party's inability to comply, he should, before default, apply to the court for an extension of time pursuant to CPLR 2004. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:26, p 934.) The plaintiff has established that his action has merit. At the time the 90-day notice was served by mail on January 31, 1979, this litigation was in a viable state of activity with the defendants being thereafter deposed on February 23, 1979. The instant motion pursuant to CPLR 3216 was received by plaintiff on May 21, 1979, which was 17 days after the day on which the plaintiff should have complied with the notice. The default was not willful and the defendants have not been prejudiced; the interest of justice would, under the circumstances, best be served by reversing the order of Special Term granting the motion to dismiss, in order to prevent the plaintiff from being deprived of his day in court, and imposing appropriate financial sanctions upon his attorney for suffering the default to occur (see Moran v Rynar, 39 AD2d 718). Mollen, P. J., Titone, Rabin, Gulotta and Gibbons, JJ., concur.