■ ABRAMS, KOCHMAN, RATHSKELLER, INC., Respondent, v ESQUIRE MOTELS, INC., et al., Appellants.—Order unanimously reversed, with costs, motion granted, and complaint dismissed. Memorandum: Defendants appeal from an order which denied their motion, pursuant to CPLR 3216, to dismiss plaintiff's complaint for want of prosecution. A written demand was served upon plaintiff to file a note of issue within 45 days or defendants would seek dismissal of the complaint for unreasonably neglecting to proceed. Plaintiff failed to respond or file a note of issue until 177 days later, after having been served with this motion to dismiss. Plaintiff's only excuse for the failure timely to comply was the assertion in an attorney's affidavit that the demand had been misfiled. Plaintiff's affidavit of merit executed by its attorney alleges merely that the attorney is familiar with the facts of the case founded upon examination of a written instrument and believes plaintiff to have a meritorious cause of action. There is no justification stated for the protracted delay of 177 days in filing the note of issue. Orderly procedure mandates timely compliance with the notice pursuant to CPLR 3216. Where it appears that valid reasons may exist for a party's inability to comply before default occurs, application should be made to the court for an extension of time *(Nappi v St. John's Cemetery,* 73 AD2d 687; CPLR 2004). No such application was made herein. An attorney's affidavit asserting "law office failure" is insufficient to excuse such inordinate delay *(Barasch v Micucci,* 49 NY2d 594, 599). Furthermore, an attorney's affidavit not containing evidentiary facts and not attested to by an individual with personal knowledge of the facts is insufficient to establish prima facie that plaintiff has a good cause of action *(Barasch v Micucci, supra).* In the absence of a showing of merit and reasonable excuse for the delay, it was an abuse of discretion for Special Term to deny the motion. A court is authorized to dismiss a complaint when it finds that a party has unreasonably neglected to prosecute *(Jones v Maphey,* 50 NY2d 971; CPLR 3216, subd [a]). (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.