■ WAYNE C. MACKAY, Respondent, v DOROTHY BRADLEY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered April 16, 1985, which denied her motion to vacate the plaintiff's note of

issue and certificate of readiness and to dismiss the complaint for failure to prosecute.

Order reversed, on the law, and in the exercise of discretion, without costs or disbursements, motion granted, and the complaint dismissed.

The plaintiff was allegedly injured in an automobile accident that occurred on May 16, 1979. This action was commenced on May 12, 1982, just four days short of the expiration of the Statute of Limitations (CPLR 214). An answer, a demand for a bill of particulars and discovery requests were served on the plaintiff on June 29, 1982. When no bill of particulars or discovery responses were received, the defendant moved to preclude, which resulted in an order dated January 13, 1983 (Beisheim, J.), granting the motion conditionally, unless the plaintiff served a bill of particulars and the requested discovery items within 20 days after service of a copy of the order. That order was served on the plaintiff on January 17, 1983.

The defendant subsequently moved for summary judgment for noncompliance with the January 13, 1983 order. The plaintiff's attorney, in opposition, maintained that he mailed the bill of particulars and "some" of the discovery items. The motion for summary judgment was denied by order dated April 27, 1983 (Wood, J.).

On March 20, 1984, the defendant served a demand on the plaintiff to file a note of issue within 90 days (CPLR 3216). Thereafter, at an examination before trial of the plaintiff held on April 13, 1984, the plaintiff agreed to supply copies of medical bills and written medical authorizations. The plaintiff's time to serve a note of issue was subsequently extended by stipulation to approximately July 1, 1984.

By notice of motion dated November 21, 1984, the defendant moved to dismiss the complaint for failure to file a note of issue. At this point, the plaintiff was approximately 4½ months late in filing the note of issue. By order entered January 24, 1985 (Sullivan, J.), the court denied the defendant's motion on "condition that plaintiff complete preliminary proceedings referred to in the papers submitted herewith and place this matter on the calendar within thirty days after service of a copy of this * * * order". The order was served on the plaintiff's counsel on January 29, 1985. The plaintiff filed a note of issue and statement of readiness on March 1, 1985.

By notice of motion dated March 8, 1985, the defendant moved to dismiss the complaint pursuant to CPLR 3216 and

vacate the note of issue pursuant to 22 NYCRR former 675.4 on the grounds that the note of issue was not properly filed and discovery had not been provided as required by the January 24, 1985 order. The plaintiff, in opposition, argued that he had complied with that order.

By order entered April 16, 1985, Special Term denied the defendant's motion and held that the plaintiff had "substantially complied" with the court's prior order but gave the plaintiff an additional 30 days to supply medical authorizations signed by the plaintiff. Special Term's order did not address the propriety of the note of issue filed. It is from this order that the defendant appeals. We reverse.

The plaintiff filed a note of issue on March 1, 1985, which, although timely under the provisions of the order dated January 24, 1985 (CPLR 2103 [b] [2]; *Corradetti v Dales Used Cars*, 102 AD2d 272), was supported by a statement of readiness which incorrectly stated that discovery had been completed (22 NYCRR former part 675). Contrary to Special Term's findings, the plaintiff failed to provide much of the outstanding discovery material required, to wit, medical reports and proper authorizations for other medical bills and reports; statements taken from the defendant and photographs of the scene of the accident and the automobiles involved. As noted by Special Term, the medical authorizations supplied were not signed by the plaintiff but by his attorney.

Contrary to the certification made in the statement of readiness, important discovery material that the plaintiff agreed to supply and was ordered by the court to supply had not been provided. There is no evidence that the plaintiff acted with dispatch to do everything possible to complete discovery in order to properly file the statement of readiness, nor did the plaintiff move for a further extension due to an inability to comply *(see, Nappi v St. John's Cemetery*, 73 AD2d 687; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3216:20, p 930; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.10).

In light of the significant delays in the prosecution of this case, the lack of reasonable excuse therefor, and the failure to comply with the discovery mandated by a prior court order, the complaint should have been dismissed for failure to prosecute. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.