■ ILENE CARTE et al., Respondents, v IRWIN SEGALL, Appellant, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Segall appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated May 2, 1986, as (1) granted the plaintiffs' motion to vacate a 90-day notice served upon them by the appellant and for an extension of the period within which to file a note of issue, and (2) denied his cross motion pursuant to CPLR 3216 for an order dismissing the action for want of prosecution.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action, arising from the defendant Segall's allegedly negligent treatment of the plaintiff Ilene Carte in December 1978 through January 1979 was commenced in July 1981. Issue was joined in October of that year, and simultaneously therewith, the appellant served upon the plaintiffs various discovery demands. During the three-year period which followed, the appellant's demands were only partly complied with. Discovery proceedings were essentially stalled as the result of the dereliction of both the plaintiffs' original counsel, who was in the midst of disbarment proceedings and who was ultimately disbarred, and of counsel to whom the case was referred, who apparently performed no work on the matter and who returned it to the original attorney of record after nearly one year had elapsed. It was not until the plaintiffs' present attorney was substituted that discovery proceeded.

In November 1985 the appellant's counsel served a 90-day notice on the plaintiffs' counsel pursuant to CPLR 3216. The plaintiffs' counsel thereafter made what appears to have been genuine attempts to comply with outstanding discovery requests and advised his adversary that "the plaintiff [sic] has not abandoned this matter, and that we will take all steps to further the prosecution of this matter".

By order to show cause dated February 3, 1986, the plaintiffs moved pursuant to CPLR 2004 to vacate the 90-day notice and/or to extend the period of time for them to serve and file a note of issue because they were prevented, by the rule

requiring that a certificate of readiness accompany a note of issue (see, 22 NYCRR 202.21), from filing a note of issue. By notice of cross motion dated February 14, 1986, the appellant cross-moved pursuant to CPLR 3216 to dismiss the action for failure to prosecute. The plaintiffs' motion was granted and the appellant's cross motion was denied.

CPLR 3216 provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him a written demand that he file a note of issue within 90 days, or, in the event of a default, risk dismissal of the action. In order to avoid a default, a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 (see, Mackay v Bradley, 121 AD2d 515; Abrams, Kochman, Rathskeller v Esquire Motels, 79 AD2d 879; Nappi v St. John's Cemetery, 73 AD2d 687), which requires the moving party to make "a showing of the need for the extension or good excuse for past delay" (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2004.03). An affidavit of merit is not, as the appellant maintains, required where, as here, the motion pursuant to CPLR 2004 was made prior to the expiration of the prescribed period to respond (see, Salzman & Salzman v Gardiner, 100 AD2d 846).

In light of the "long-established public policy that actions should be considered on their merits" (Mineroff v Macy's & Co., 97 AD2d 535, 536), the fact that the delay in prosecuting the action was not willful or with intent to abandon the action, but rather was the result of neglect on the part of the plaintiffs' previous attorneys, and the fact that the plaintiffs have of late proceeded with dispatch to complete pretrial proceedings, we conclude that the court of first instance properly exercised the broad discretion conferred upon it by CPLR 2004 (see, A & J Concrete Corp. v Arker, 54 NY2d 870, 872; Salzman & Salzman v Gardiner, supra) in granting the plaintiffs' motion for an extension and, consequently, in denying the appellant's premature cross motion for dismissal of the action (see, Moran v Rynar, 39 AD2d 718; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:21-C3216:28, at 930-935). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.