(February 21, 1989)

■ JULIE ALESHIN, an Infant, Plaintiff, and HILARY ALESHIN, an Infant, by Their Mother and Natural Guardian, LILLIAN ALESHIN, et al., Appellants, v CITY OF LONG BEACH et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs Hilary Aleshin, an infant, by her mother and natural guardian Lillian Aleshin, and Lillian Aleshin, individually, appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 12, 1987, which denied their motion to vacate a judgment of the same court, entered February 18, 1986, dismissing the action pursuant to CPLR 3404, and to restore the action to the Trial Calendar.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, the Supreme Court properly found that they had failed to establish their entitlement to vacatur of the judgment dismissing the action pursuant to CPLR 3404 and restoration of the case to the Trial Calendar.

This matter, involving a May 1980 automobile accident, was struck upon the appellants' failure to proceed to trial on January 23, 1985. The appellants contend that they did not seek to restore the case to the Trial Calendar earlier because an offer of settlement had been made by the respondents with respect to the infant appellant Hilary's cause of action. However, they concede that in June 1985 the offer of settlement was withdrawn. While the appellants' counsel claimed that settlement discussions continued until November 24, 1986, nevertheless, he conceded that in June 1985 his office ceased

all settlement discussions regarding Hilary's case and his firm was substituted by other counsel. It was not until March 31, 1987 that the appellant Lillian Aleshin rehired counsel to represent the interests of Hilary and herself with respect to the lawsuit. Neither the appellants nor their counsel offers any explanation for this delay. Further, the appellants' motion was not accompanied by an evidentiary affidavit of merit or its equivalent by a person having personal knowledge of the facts of the accident.

Accordingly, under these circumstances, we find there was no improvident exercise of discretion in refusing to restore the case to the Trial Calendar (see, Bunyan v Goldwasser, 131 AD2d 805; Fluman v TSS Dept. Stores, 100 AD2d 838). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.