■ DORIS PAPADOPOULAS, Respondent, v R.B. SUPPLY CORP. INC. et al., Appellants.—In a shareholder's derivative suit, the defendants appeal from an order of the Supreme Court, Queens County (Katz, J.), dated September 14, 1988, which denied their motion pursuant to CPLR 3216 to dismiss the complaint for lack of prosecution and granted the plaintiff's cross motion to compel an examination before trial.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The plaintiff commenced the instant shareholder's derivative action by summons and complaint in April 1984. Issue was joined in May 1984. In June of that year, the defendants served a demand for a bill of particulars, and the plaintiff served a bill that same month. Although in 1985, the plaintiff served a notice to take the defendant Bell's deposition—a notice with which the plaintiff claims the defendant Bell has failed to comply—the record reveals that since that time the plaintiff has done little to further the prosecution of the lawsuit. In March 1988 the defendants served upon the plaintiff a 90-day notice pursuant to CPLR 3216. After the lapse of over 90 days from the service of the notice, the defendants moved to dismiss the complaint pursuant to CPLR 3216 on the ground that the plaintiff had failed to prosecute the action.

By notice of cross motion dated August 25, 1988, the plaintiff moved for an order compelling the defendant Bell to submit to an examination before trial. Although, in his supporting affidavit, the plaintiff's counsel averred that the defendants had failed to submit to discovery, counsel offered neither an excuse for the plaintiff's failure to respond to the defendants' 90-day notice, nor any facts whatsoever with respect to the underlying merits of his action.

The Supreme Court, without setting forth its reasons, denied the defendants' motion and granted the plaintiff's cross motion, directing the defendants to appear and submit to an examination before trial.

CPLR 3216 "provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him a written demand that he file a note of issue within 90 days, or, in the event of a default,

risk dismissal of the action" *(Carte v Segall,* 134 AD2d 397, 398). In order "to avoid a default, a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004" *(Carte v Segall, supra,* at 398; *Mackay v Bradley,* 121 AD2d 515; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879).

Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (CPLR 3216 [e]; *see, Kwiatkowska v Aramburu,* 133 AD2d 810). The plaintiff failed to discharge her burden in this respect. The record reveals that at no time did the plaintiff produce an affidavit attesting to the merits of her cause of action. Furthermore, the proffered excuse for the delays—that the defendants had been dilatory in responding to the plaintiff's request for examinations before trial—does not constitute a reasonable excuse for the failure to timely respond to the 90-day notice *(cf., Mason v Simmons,* 139 AD2d 880, 881). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.