(September 17, 1992)

■ HIPOLITO MARTINEZ et al., Appellants, v KEITH BELANGER, Defendant, and P&M LEASING CORPORATION, Respondent.— Order, Supreme Court, Bronx County (Hansel McGee, J.), entered on or about March 19, 1991, which granted defendant's motion pursuant to CPLR 3216 to dismiss the action for failure to prosecute, affirmed, without costs.

The record shows numerous instances of depositions adjourned at plaintiffs' request over a four-year period leading up to defendants' service of a 90-day demand. After the demand was served, plaintiffs responded to several outstanding discovery requests, but did not file a note of issue or take any other steps to place the action on the calendar. While it is true, as plaintiffs argue, that CPLR 2005 gives the trial courts discretion to excuse delay or default resulting from law office failure, and that it was therefore error for the IAS Court to grant the motion to dismiss on the ground that "[a]nything that consists of law office failure is an insufficient excuse as a matter of law" (citing Barasch v Micucci, 49 NY2d 594), it is also true that law office failure will not be automatically accepted as an excuse in every case and that CPLR 2005 was never intended to routinely excuse defaults or to foster a return to the pre-Barasch era of noncompliance with time requirements (see, De Vito v Marine Midland Bank, 100 AD2d 530, 531). We reject law office failure as a justifiable excuse in this case, in view of the main plaintiff's removal of himself from the court's jurisdiction and failure to maintain adequate communication with his own counsel. Further, not even law office failure is offered as an excuse for the failure of plaintiffs' counsel to take any steps to place the action on the calendar

after the 90-day demand had been served. Concur—Murphy, P. J., Sullivan and Rosenberger, JJ.

Carro and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: There is no doubt that plaintiff delayed in prosecuting this matter and that plaintiff failed to respond to defendant P&M Leasing Corporation's 90-day demand (CPLR 3216 [b] [3]) either by serving and filing a note of issue (CPLR 3216 [c]) or by moving for an extension of time in which to comply with the demand pursuant to CPLR 2004 *(Carte v Segall,* 134 AD2d 397, 398; *Nappi v St. John's Cemetery,* 73 AD2d 687). Nevertheless, plaintiff may still avoid dismissal of his action by demonstrating that he has a reasonable excuse for his delay in serving the note of issue and a good and meritorious cause of action (CPLR 3216 [e]; *Turman v Amity OBG Assocs.,* 170 AD2d 668, citing *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). In this regard, delay prior to the service of the demand is immaterial. "Whether the plaintiff has delayed seven months or seven years or even seventy years, CPLR 3216 with its 90-day-demand procedure applies equally" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:11, at 640).

The record demonstrates that, when defendant P&M Leasing Corporation served its demand, discovery proceedings were still pending, and this Court has held that "it was appropriate to refrain from placing the case on the Trial Calendar because of the pendency of disclosure proceedings" *(Gibson v D'Avanzo,* 99 AD2d 766). Thus, an excuse for failing to file a note of issue within 90 days following service of the demand is established.

Plaintiff's affidavit of merit states, and a police accident report confirms, that he collided with the vehicle owned by P&M Leasing Corporation at an uncontrolled intersection. The affidavit further states that plaintiff's view of the vehicle, alleged to be travelling at an excessive rate of speed, was obscured by an apartment building, making avoidance of the collision impossible. The absence of any traffic control device at the intersection reflects comparative negligence on the part of each driver and makes out a prima facie case.

It should be noted that the intent of the notice procedure prescribed by CPLR 3216 is to alert an inattentive plaintiff to the need to take steps to advance the litigation and prepare for trial. If a plaintiff thereafter takes appropriate measures in furtherance of his cause, he cannot be deemed to have abandoned the litigation and dismissal is unwarranted. Where, as here, a note of issue cannot be filed in response to a

demand because pending discovery precludes the filing of a certificate of readiness for trial (Uniform Rules for Trial Cts [22 NYCRR] § 202.21), the delay in filing is beyond the plaintiff's control, "and the right to have all pre-filing delay put beyond court inquiry should not be forfeited if the plaintiff meets difficulty in this regard" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:25, at 651). Within three weeks of receiving the demand, plaintiff served defendant with a bill of particulars, medical authorizations, expert witness authorizations and a response to a notice of discovery and inspection. Thereafter, plaintiff attempted to schedule a mutually convenient date to take deposition testimony.

Accordingly, plaintiff responded diligently to defendant's demand to serve and file a note of issue, and it was an abuse of discretion to dismiss his complaint for failure to prosecute.