■ JEFFREY S. PAN, an Infant, by His Mother and Natural Guardian, CAROL B. H. WOO PAN, et al., Respondents, v FLUSHING HOSPITAL AND MEDICAL CENTER et al., Appellants, et al.,

Defendant. [595 NYS2d 819] —In a medical malpractice action to recover damages for personal injuries, etc., (1) the defendants Flushing Hospital and Medical Center and Sesin Jong appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Durante, J.), entered January 7, 1991, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against them for failure to prosecute; (2) the defendants James G. Lione, Yei Hwei Lin, David L. Schwartz, George S. Lin, Rafaelite B. Samala, Davis S. Lerner, and Allen M. Landers appeal, as limited by their briefs, from so much of the same order as conditionally granted their respective motions to dismiss the complaint insofar as it is asserted against them, unless the plaintiffs submit a "Further Affidavit of Merits" as to their "acts or omissions", within a specified time; (3) the defendants Sesin Jong, Yei Hwei Lin, David L. Schwartz, George S. Lin, Rafaelite B. Samala, Davis S. Lerner, and Allen M. Landers appeal from an order of the same court, entered November 12, 1991, which denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against them for failure to prosecute, and (4) the defendant James G. Lione appeals from an order of the same court, entered December 13, 1991, which denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against him for failure to prosecute.

Ordered that the order entered January 7, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered November 12, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered December 13, 1991, is affirmed, without costs or disbursements.

Having been served with 90-day demands pursuant to CPLR 3216 in October and November 1989, it was incumbent upon the plaintiffs to comply with the notices by filing a note of issue "or by moving, before the default date, to either vacate the notice[s] or to extend the 90-day period" (*Turman v Amity OBG Assocs.,* 170 AD2d 668). The plaintiffs failed to do so. In this regard we note that their unsworn letter dated December 18, 1989, which was allegedly sent to the Supreme Court, with copies to the other parties, requesting, *inter alia,* the vacatur of the 90-day notice, was apparently never received by the

court, and, in any event, cannot, without permission of the trial court, be considered as a substitute for a motion supported by sworn statements (CPLR 2214). Accordingly, the plaintiffs, to avoid the sanction of dismissal, were required, as the Supreme Court held, to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notices and that they had a meritorious cause of action *(see, Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552).

Upon a review of the record, we agree with the Supreme Court that the plaintiffs met their burden in this regard. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.