■ HARLOW RESTORATION CORPORATION, Appellant, v NEW YORK TELEPHONE COMPANY et al., Respondents. [628 NYS2d 703] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about July 19, 1994, which, in an action to foreclose a mechanic's lien, denied plaintiff's motion to restore the action to the calendar, and granted defendant's cross motion for summary judgment dismissing the complaint and cancelling the notice of pendency, unanimously affirmed, with costs.

The action should be dismissed for lack of merit, the mechanic's lien on which it is based having expired when plaintiff failed to satisfy the conditions of the order entered January 29, 1992 extending its notice of pendency (*see*, Lien Law § 17; CPLR 6513). No reasonable excuse is shown for the failure to supply the requested discovery within 30 days and to restore the case to the calendar within 60 days, as the extension order required.

Plaintiff points to its retention of new counsel, but this did not take place until more than two years after the case had been marked off the calendar (*see, Aleshin v City of Long Beach*, 147 AD2d 604, 605), and the outstanding discovery requests, which sought an explanation of how the amount of the lien was calculated, with supporting documents, were hardly burdensome. Prejudice is also a factor, plaintiff conceding that certain documentary evidence is no longer available, and ten years having passed since the mechanic's lien was first filed (*see, Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 723, *appeal dismissed* 69 NY2d 874).

We have considered plaintiff's claims that defendant waived the conditions of the extension order, or should be estopped from asserting them, and find them to be without merit (*see, Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966). Plaintiff's argument that it was never served with the extension order is raised for the first time on appeal, and should not be entertained. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.