■ ESTHER CASCIO, Respondent, v P.W. O'DALY et al., Appellants, et al., Defendants. [633 NYS2d 405] —In a medical malpractice action to recover damages for personal injuries, the defendants P.W. O'Daly and Terrence P.B. Payne appeal, as limited by their briefs, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 21, 1994, as upon reargument adhered to its prior determination made in an order dated September 10, 1993, denying their separate motions to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the order dated September 10, 1993, is vacated, the motions to dismiss the complaint are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In an order dated September 16, 1992, the plaintiff's note of issue was vacated because the case was not ready for trial. In January 1993, each appellant served a 90-day demand upon the plaintiff to serve and file a note of issue pursuant to CPLR 3216. When the plaintiff failed to respond in any manner to these demands, each appellant moved to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute. The plaintiff opposed the motions, claiming that because her case had been struck from the trial calendar, she had up to one year to file a new note of issue pursuant to CPLR 3404.

The court improperly denied the appellants' motions to dismiss. CPLR 3404, which provides for automatic dismissal of a case which is struck from the trial calendar and not restored within one year thereafter, did not preclude the appellants from serving a 90-day demand upon the plaintiff pursuant to CPLR 3216 within one year of the date the case was struck from the trial calendar *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.25; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:24, at 650). "Having been served with 90-day demands pursuant to CPLR 3216 * * * it was incumbent upon the plaintiff * * * to comply with the notices by filing a note of issue 'or by moving, before the default date, to either vacate the notice[s] or to extend the 90-day period' " *(Pan v Flushing Hosp. & Med. Ctr.,* 192 AD2d 513, 514, quoting *Turman v Amity OBG Assocs.,* 170 AD2d 668; *see,* CPLR 3216 [b] [3]).

In order to avoid dismissal of the complaint, the plaintiff was "required * * * to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notices and that [she] had a meritorious cause of action" *(Pan v Flushing Hosp. & Med. Ctr., supra,* at 515; *see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553). Since the plaintiff neither gave a justifiable excuse for the delay nor filed an affidavit of merit, the appellants' motions to dismiss the complaint should have been granted *(Papadopoulas v R.B. Supply Corp., supra,* at 553; *cf., Lichter v State of New York,* 198 AD2d 687, 688). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.