■ MICHELE SPIERTO, Respondent, v ANTHONY PENNISI et al., Appellants. [636 NYS2d 118] —In an action to recover damages for medical malpractice, (1) the defendant Mercy Hospital appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), dated February 17, 1995, which denied its motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute, and (2) the defendant Anthony Pennisi appeals from an order of the same court also dated February 17, 1995, which denied his motion for the same relief.

Ordered that the orders are reversed, on the law, with one bill of costs, the motions of the defendants Mercy Hospital and Anthony Pennisi are granted, and the complaint is dismissed pursuant to CPLR 3216 for failure to prosecute.

Having been served with a 90-day notice pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period (see, Turman v Amity OBG Assocs., 170 AD2d 668; Papadopoulas v R.B. Supply Corp., 152 AD2d 552). The plaintiff failed to do so. Accordingly, in order to avoid the sanction of dismissal, she was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that she had a meritorious cause of action (Papadopoulas v R.B. Supply Corp., supra). The plaintiff failed to meet this standard. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.