■ KAREN LOPEZ, Respondent, v PATHMARK SUPERMARKET, INC., Appellant, et al., Defendants. [645 NYS2d 864] —In an action to recover damages, *inter alia,* for false arrest, the defendant Pathmark Supermarket, Inc., appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 5, 1995, which denied its motion to dismiss the complaint for want of prosecution.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"CPLR 3216 'provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him a written demand that he file a note of issue within 90 days, or, in the event of a default, risk dismissal of the action' *(Carte v Segall,* 134 AD2d 397, 398). In order 'to avoid a default, a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004' *(Carte v Segall, supra,* at 398; *Mackay v Bradley,* 121 AD2d 515; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879)" *(Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553).

In the case at bar the plaintiff failed to file a note of issue or seek an extension of time to do so after the appellant served its 90-day demand. Indeed, not only did the plaintiff ignore the demand, but, in fact, the plaintiff did virtually nothing to prosecute the action after the service of the complaint. Thus, the action was subject to dismissal when the appellant brought its motion pursuant to CPLR 3216 (e) unless the plaintiff demonstrated a justifiable excuse for the delay and a meritorious cause of action. Since the plaintiff did not demonstrate a justifiable excuse for failing to file a note of issue in compliance with the demand, the motion to dismiss should have been granted *(see, Armenia v Carini,* 174 AD2d 1040; *Papadopoulos v R.B. Supply Corp., supra; Mason v Simmons,* 139 AD2d 880; *CIC Intl. v Swiss Bank Corp.,* 121 AD2d 219).

Furthermore, the fact that the appellant apparently agreed to adjourn the plaintiff's deposition subsequent to the service of the demand, and the fact that the motion was brought 18 months after the 90-day demand period expired does not, without more, warrant denial of the appellant's motion (see, Wilson v Nembhardt, 180 AD2d 731; Kantrowitz v Adelsberg, 87 AD2d 811; cf., Markarian v Hundert, 180 AD2d 780). Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.