■ ANNETTE FERGERSON, Respondent, v RICHMOND FERGERSON, Appellant. [655 NYS2d 415] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 3, 1996, which denied his motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

"CPLR 3216 'provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him a written demand that he file a note of issue within 90 days, or, in the event of a default, risk dismissal of the action' " (*Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552, 553, quoting *Carte v Segall*, 134 AD2d 397, 398). In order to "avoid a default, a plaintiff served with a 90-day no-

tice must comply either by timely filing a note of issue or moving for an extension of time, within which to comply pursuant to CPLR 2004" (*Carte v Segall, supra,* at 398).

Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (*see,* CPLR 3216 [e]; *Kwiatkowska v Aramburu,* 133 AD2d 810). We conclude that she failed to satisfy this standard.

Although the plaintiff claimed that the delay in complying with the 90-day notice resulted from her reliance on an oral agreement with the defendant providing for the withdrawal of the 90-day notice, the record reveals that she still had approximately 60 days to comply with the 90-day notice when the defendant's attorney advised her that he did not recognize the existence of such an agreement. In addition, the former wife has failed to demonstrate a good and meritorious cause of action. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.