■ FRANCISCO JIMENEZ, Respondent, v ERNESTO GAMBOA, Appellant. [659 NYS2d 786] —In an action to recover damages for personal injuries, the defendant, Ernesto Gamboa, appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated May 6, 1996, as denied his motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

"Having been served with a 90-day notice pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period *(see, Turman v Amity OBG Assocs.,* 170 AD2d 668; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). The plaintiff failed to do so. Accordingly, in order to avoid the sanction of dismissal, [he] was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that [he] had a meritorious cause of action *(Papadopoulas v R.B. Supply Corp., supra)" (Spierto v Pennisi,* 223 AD2d 537, 538; *see, Baczkowski v Collins Constr. Co.,* 89 NY2d 499; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395). Since the plaintiff failed to meet this burden, his complaint should have been dismissed *(see, Spierto v Pennisi, supra; Baczkowski v Collins Constr. Co., supra; Safina v Queens-Long Is. Med. Group, supra).* Miller, J. P., Thompson, Joy and Luciano, JJ., concur.