■ ELAINE RUSSO et al., Respondents, v AUTOMOTIVE RENTALS, INC., et al., Appellants. [669 NYS2d 232] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Alpert, J.), entered March 13, 1997, which, upon renewal, granted the plaintiffs' motion for leave to restore the case to the trial calendar to the extent of granting leave to file a note

of issue and certificate of readiness conditioned upon the payment of a monetary sanction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is dismissed.

By order dated July 6, 1995, the plaintiffs were directed to file a note of issue within 90 days. It is undisputed that the plaintiffs neither timely filed a note of issue, nor moved pursuant to CPLR 2004 for an extension of time within which to comply. Having failed to pursue either of the foregoing options, the plaintiffs were obligated to demonstrate a reasonable excuse and a meritorious cause of action to avoid the sanction of dismissal (*see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552; *Kwiatkowska v Aramburu,* 133 AD2d 810). The plaintiffs failed to discharge their burden in this respect. Indeed, the only excuse proffered by the plaintiffs for the default in filing the note of issue was improperly raised for the first time in their reply papers (*see, Fischer v Weiland,* 241 AD2d 439; *Pinkston v Weiss,* 238 AD2d 393.

The plaintiffs also failed to establish that they possess a potentially meritorious claim, since their motion was not accompanied by an evidentiary affidavit of merit of a person having personal knowledge of the facts of the accident (*see, Aleshin v City of Long Beach,* 147 AD2d 604). Although the plaintiff Elaine Russo submitted an affidavit of merit in which she stated that the operator of the other vehicle involved in the subject accident went through a stop sign, she had acknowledged at her examination before trial that she had no personal knowledge of that alleged fact. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.