■ ANNE DAVIES et al., Respondents, v JAY P. SLOTKIN, Appellant. [674 NYS2d 728] —In an action to recover damages for conscious pain and suffering and wrongful death due to medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated July 25, 1997, which denied his motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the defendant's motion is granted, and the complaint is dismissed.

The Supreme Court improvidently exercised its discretion in denying the defendant's motion to dismiss the complaint pursuant to CPLR 3216 based upon the plaintiffs' failure to comply with a 90-day notice. In opposition to the defendant's motion, the plaintiffs were required to demonstrate a justifiable excuse for their failure to comply with the 90-day notice and that they have a meritorious cause of action (*see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499; *Russo v Automotive Rentals*, 247 AD2d 603; *Rubin v Baglio*, 234 AD2d 534).

Although the plaintiffs served a note of issue upon the defendant's attorney in response to the 90-day notice, no note of issue was ever filed with the court. The plaintiffs' counsel alleges that he sent a note of issue to a clerical service to be filed with the court, but that "[i]nexplicably" it was never filed. Under the circumstances of this case, that does not constitute a justifiable excuse. The plaintiffs did little, if anything, to prosecute the action from its inception in or about January 1990, and nothing to prosecute it between the time that the defendant served the 90-day notice in November 1993 and the time he moved to dismiss the action in March 1997. Further, there is no indication that the plaintiffs' counsel inquired of the court as to the status of the case and when it would go to trial after he allegedly sent the note of issue to the clerical service for filing. Nor did he attempt to file a note of issue upon learning that the clerical service had not done so. Since the plaintiffs did not demonstrate a justifiable excuse for failing to file a note of issue in compliance with the demand, the motion to dismiss should have been granted (*see, Lopez v Pathmark Supermarket*, 229 AD2d 566).

Finally, the Supreme Court incorrectly concluded that the

defendant "abandoned his prior application" by waiting more than three years after serving the 90-day notice to move for dismissal of the complaint (see, Lopez v Pathmark Supermarket, supra, at 567 ["the fact that the motion was brought 18 months after the 90-day demand period expired does not, without more, warrant denial of the appellant's motion"]; see also, Turman v Amity OBG Assocs., 170 AD2d 668, 669). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.