■ PARVIZ LAVI, Respondent-Appellant, v OLD CEDAR DEVELOPMENT CORP. et al., Appellants-Respondents. [682 NYS2d 886] —In an action for specific performance, injunctive relief, and money damages, (1) the defendant Old Cedar Development Corporation appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 14, 1997, as denied its motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against it, (2) the defendants Jamshid Lavi, Harvey Manes, Barbara Manes, and Yvette Rafiy separately appeal from so much of the same order as denied their motions for summary judgment dismissing the complaint and to dismiss the complaint pursuant to CPLR 3216, and (3) the plaintiff Parviz Lavi cross-appeals from so much of the same order as denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the motion of the defendants Harvey Manes and Barbara Manes which was to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3216, and substituting therefor a provision granting that branch of their motion, and (2) deleting the provisions thereof which denied those branches of the motion of the defendant Yvette Rafiy which were to dismiss the complaint insofar as asserted against her pursuant to CPLR 3216 and for summary judgment, and substituting therefor provisions granting those branches of her motion; as so modified, the order is affirmed, without costs or disbursements, and the action against the remaining defendants is severed.

The defendants Harvey Manes, Barbara Manes, and Yvette Rafiy served the plaintiff with a 90-day notice to resume prosecution of the action pursuant to CPLR 3216 (b) (3). The plaintiff thereafter failed to file a timely note of issue, or to make a motion, before the expiration of the 90-day period, for an extension of time within which to do so (*see, Jimenez v Gamboa,* 240 AD2d 470; *Micalizzi v Gomes,* 239 AD2d 395; *Spierto v Pennisi,* 223 AD2d 537; *Papadopoulos v R.B. Supply Corp.,* 152 AD2d 552). As the plaintiff failed to offer a justifiable excuse for this default, the sanction of dismissal of the complaint against the three defendants involved was warranted (*see, Papadopoulas v R.B. Supply Corp., supra*).

Although all three of these defendants requested summary judgment pursuant to CPLR 3212 as well, we find that only the defendant Yvette Rafiy demonstrated entitlement to this relief. The parties' submissions reveal that there is no issue of fact requiring a trial on any theory of liability posited by the plaintiff against this defendant (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557).

The parties' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.