■ Valentina Neu, Respondent, v Paul Realty Co. et al., Appellants, et al., Defendants. [688 NYS2d 692] —In an action to recover damages for personal injuries, the defendants Paul Realty Co. and Myra Wiener appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated August 14,

1998, which granted reargument of the plaintiff's prior motion to vacate the dismissal of the action which was denied by order dated May 29, 1998, and, upon reargument, granted the plaintiff's motion and restored the action to the trial calendar on condition that the plaintiff file a note of issue within 90 days.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to vacate the dismissal of the action and substituting therefor a provision adhering to the determination in the order dated May 29, 1998; as so modified, the order is affirmed, with costs to the appellants.

Contrary to the appellants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for reargument. However, upon reargument, the court should have adhered to its prior determination denying the plaintiff's motion. In order to avoid a default, a plaintiff served with a 90 day notice pursuant to CPLR 3216 must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 (*see, Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552). Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a meritorious cause of action to avoid the sanction of dismissal (*see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp., supra*). Upon our review of the record, we find that the plaintiff failed to demonstrate either and, thus, it was error for the Supreme Court to vacate the dismissal of the action. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.