■ NEAL FORMAN, Respondent, v FLEET BANK, Appellant. (And a Third-Party Action.) [691 NYS2d 782] —In an action to recover damages for, inter alia, breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 16, 1998, as denied its motion pursuant to CPLR 3216 to dismiss the complaint and granted the plaintiff's cross motion to compel disclosure.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the Supreme Court's conclusion, its June 5, 1998, order constituted a valid 90-day notice pursuant to CPLR 3216 (see, Safina v Queens-Long Is. Med. Group, 238 AD2d 395; Longacre Corp. v Better Hosp. Equip. Corp., 228 AD2d 653; cf., Ameropan Realty Corp. v Rangley Lakes Corp., 222 AD2d .631). Thus, it was incumbent upon the plaintiff to comply with the notice by filing an appropriate note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period (see, Jimenez v Gamboa, 240 AD2d 470; Turman v Amity OBG Assocs., 170 AD2d 668; Papadopoulas v R.B. Supply Corp., 152 AD2d 552).

Here, the plaintiff failed to do so. To avoid the sanction of dismissal, the plaintiff was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that he had a meritorious cause of action (*see, Jimenez v Gamboa, supra*; *Papadopoulas v R.B. Supply Corp., supra*; *Spierto v Pennisi,* 223 AD2d 537). Upon our review of the record, we find that the plaintiff met this burden. Thus, the Supreme Court did not err in denying the appellant's motion to dismiss and in granting the plaintiff's cross motion to compel disclosure. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.