■ Nicholas Garrett, Appellant, v Edward Martin, Defendant, and Rosemarie Bolte, Respondent. [693 NYS2d 441] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Lally, J.), entered February 19, 1998, which granted the motion of the defendant Rosemarie Bolte pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her, and (2), as limited by his brief, from so much of an order of the same court, dated August 3, 1998, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered February 19, 1998, is dismissed, as that order was superseded by the order dated August 3, 1998; and it is further,

Ordered that the order dated August 3, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

On September 26, 1997, the defendant Rosemarie Bolte served the plaintiff with a 90-day demand pursuant to CPLR 3216. Thus, the plaintiff was required to either timely file a note of issue or move for an extension of time within which to comply pursuant to CPLR 2004. The plaintiff did neither and therefore he was obligated to demonstrate a reasonable excuse and a meritorious cause of action to avoid the sanction of dismissal (*see, Neu v Paul Realty Co.*, 260 AD2d 615; *Russo v Automotive Rentals*, 247 AD2d 603; *Fergerson v Fergerson*, 237 AD2d 247; *Arenas v County of Nassau*, 232 AD2d 514). The plaintiff failed to establish a reasonable excuse for his failure to respond to the 90-day notice. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.