■ HY-TECH COATINGS, Respondent, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT et al., Defendants, and CITNALTA CONSTRUCTION CORP. et al., Appellants. [698 NYS2d 277] —In an action to recover damages for breach of contract and to foreclose on a mechanic's lien, the defendants Citnalta Construction Corp. and American Insurance Company appeal from (1) an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 18, 1998, which, upon their motion, *inter alia,* to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute, scheduled a conference at which the plaintiff's counsel was directed to explain why the plaintiff had failed to comply with certain discovery demands, and (2) an order of the same court dated May 17, 1999, which denied the motion.

Ordered that the appeal from the order dated November 18, 1998, is dismissed, as that order does not decide a motion made on notice (*see,* CPLR 5701 [a] [2]); and it is further,

Ordered that the order dated May 17, 1999, is reversed, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

A plaintiff served with a notice pursuant to CPLR 3216 to

resume prosecution of an action and to serve and file a note of issue within 90 days must comply either by timely filing a note of issue or by moving for an extension of time within which to comply pursuant to CPLR 2004 (*see, Russo v Automotive Rentals,* 247 AD2d 603; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). Since the plaintiff did not do either, it was obligated to demonstrate a reasonable excuse and a meritorious cause of action to avoid dismissal of the complaint (*see,* CPLR 3216 [e]; *Russo v Automotive Rentals, supra*). The plaintiff failed to do so. The only excuse proffered by the plaintiff for its failure to file the note of issue was that it had retained "several attorneys during the last several years". Furthermore, the plaintiff failed to submit an affidavit of merit by a person having personal knowledge of the facts underlying the action (*see, Russo v Automotive Rentals, supra*). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.