■ PHILIP JAFFE, Appellant, v CAROL MANAGEMENT CORPORATION et al., Respondents. [702 NYS2d 21] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 18, 1999, which granted the motion of defendant Carol Management Corporation to dismiss the complaint as against it pursuant to CPLR 3216, granted the cross motion of defendant Brown, Harris, Stevens, Inc. to the extent of dismissing the complaint as against it pursuant to CPLR 3404, and denied plaintiff's cross motion to restore the case to the trial calendar, unanimously affirmed, without costs.

While plaintiff's health constituted a valid excuse for his failure to file the note of issue and to timely move to restore the case to the calendar (*see, Weppler v Pretium Assocs.*, 245 AD2d 249), plaintiff nonetheless failed to meet his additional burden of establishing a meritorious cause of action. Plaintiff's sole submission on the merits was a written decision of the Supreme Court, New York County, which permitted plaintiff to serve an amended complaint adding causes of action (CPLR 3025 [b]), and dismissed some causes of action, while sustaining others (CPLR 3211 [a] [7]). Such a decision is insufficient to defeat a CPLR 3216 motion to dismiss, where the plaintiff must present an affidavit of merit, or its equivalent, from an individual having personal knowledge of the facts underlying the action (CPLR 3216 [e]; *Hy-Tech Coatings v Middle Country Cent. School Dist.*, 266 AD2d 264; *Public Serv. Mut. Ins. Co. v Zucker*, 225 AD2d 308, 309; *Russo v Automotive Rentals*, 247 AD2d 603). The decision upon which plaintiff relies decided no more

than that the causes of action sustained were facially valid. It did not determine factual merit. Nor did plaintiff move to renew in order to submit a proper affidavit (*see, Diaz v New York Downtown Hosp.*, 262 AD2d 62).

A submission from an individual with personal knowledge of the facts underlying the action is similarly required to restore to the calendar a case dismissed pursuant CPLR 3404 (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26; *Muhammed v Manhattan Payment Ctr.*, 251 AD2d 228).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.