■ SHEUNG CHI YUEN et al., Appellants, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. [716 NYS2d 880] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Patterson, J.), dated September 8, 1999, which granted the separate motions of the defendants Staten Island University Hospital, Michael M. Alexiades, and Michael M. Alexiades, M.D., P. C., the defendants Howard Baruch and Seaport Orthopedic Associates, and the defendant Ching Sum Leung to dismiss the complaint for failure to prosecute, and denied their cross motion for an extension of time to file a note of issue, and (2) a judgment of the same court dated November 16, 1999, entered upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents other than Ching Sum Leung, appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A party served with a 90-day notice pursuant to CPLR 3216 must comply with the notice by filing a note of issue or by moving, before the expiration of the 90-day period, to either vacate the notice or extend the 90-day period (*see, Pirpinias v Milonas,* 274 AD2d 383). In the present case, having failed to pursue either option, the plaintiffs were required to demonstrate both a justifiable excuse for their delay in responding to the 90-day notice and the existence of a meritorious cause of action (*see, Vijax Corp. v Jacobs,* 270 AD2d 253; *Neu v Paul Realty Co.,* 260 AD2d 615). The plaintiffs failed to demonstrate a justifiable excuse for the delay in responding to the notice (*see, Vijax Corp. v Jacobs, supra*; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). Therefore, the Supreme Court properly dismissed the complaint. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.