■ J. MAR SERVICE CENTER, INC., et al., Appellants, v MAUREEN RAHANIOTIS et al., Respondents. (And a Third-Party Action.) [721 NYS2d 275] —In an action, *inter alia,* to recover damages for lost profits, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered November 10, 1999, as denied their motion, in effect, to vacate an order of the same court, dated July 1, 1999, which, *sua sponte,* dismissed the complaint pursuant to CPLR 3216 upon the plaintiffs' failure to file a note of issue.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

As the order dated May 1, 1998, was a valid 90-day notice pursuant to CPLR 3216 (*see, Forman v Fleet Bank,* 262 AD2d 449; *Pollucci v Rizzo,* 261 AD2d 594; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653; *cf., Ameropan Realty Corp. v*

*Rangeley Lakes Corp.,* 222 AD2d 631), "it was incumbent upon the plaintiff[s] to comply with the notice by filing an appropriate note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period" *(Forman v Fleet Bank, supra,* at 449). Because the plaintiffs failed to act, the Supreme Court properly dismissed the complaint *(see, Forman v Fleet Bank, supra; Pollucci v Rizzo, supra).*

The Supreme Court properly denied the plaintiffs' motion to vacate their default under the 90-day notice because they failed to demonstrate a reasonable excuse and a meritorious cause of action *(see, Gourdet v Hershfeld,* 277 AD2d 422; *Gray v Gray,* 266 AD2d 261; *Smith v City of New York,* 237 AD2d 344; *Goncalves v Stuyvesant Dev. Assocs.,* 232 AD2d 275; *M.P.S. Mktg. Servs. v Champion Intl. Corp.,* 176 AD2d 250). Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.