■ WALTER GRANDON et al., Appellants, v NORTH SHORE COMMUNITY HOSPITAL et al., Respondents. [725 NYS2d 894] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered December 29, 1999, which, *inter alia*, denied their motion to vacate an order of the same court entered January 26, 1999, dismissing the complaint upon their failure to file a note of issue.

Ordered that the order and judgment is affirmed, with one bill of costs.

In support of their motion to vacate an order dismissing the action, the plaintiffs failed to demonstrate a reasonable excuse for their failure to file a note of issue and that a meritorious cause of action existed (*see,* CPLR 3216 [e]; *Neu v Paul Realty Co.,* 260 AD2d 615; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). Thus, their motion was properly denied. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.

■ WALTER GRANDON et al., Appellants, v NORTH SHORE COMMUNITY HOSPITAL et al., Respondents. [725 NYS2d 894] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated February 15, 2000, which denied their motion, denominated as one for renewal and reargument of their prior motion to vacate the dismissal of their complaint, but which was, in actuality, a motion for reargument.

Ordered that the appeal is dismissed, with one bill of costs.

The plaintiffs' motion, characterized as one for renewal and reargument of their prior motion to vacate the dismissal of their complaint, was not based upon new facts which were unavailable at the time they submitted their original motion for vacatur (*see, Bossio v Fiorillo,* 222 AD2d 476). Therefore, the motion was, in actuality, one to reargue, the denial of which is not appealable. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.