■ SCOTT TAYLOR et al., Respondents, v STEPHEN GARI, Appellant. [731 NYS2d 648] —In an action to recover damages for medical malpractice, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), entered November 27, 2000, as denied his motion to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Having been served with a 90-day notice pursuant to CPLR 3216, "it was incumbent upon the plaintiff[s] to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period" (*Wilson v Nembhardt,* 180 AD2d 731, 733 [internal quotation marks omitted]; *see, Rubin v Baglio,* 234 AD2d 534; *Lopez v Pathmark Supermarket,* 229 AD2d 566). The plaintiffs failed to do either. Accordingly, to avoid dismissal, they were required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice, and the existence of a meritorious cause of action (*see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). The Supreme Court erred in denying the defendant's motion to dismiss, as the plaintiffs failed to show either a justifiable excuse or the existence of a meritorious cause of action (*see, Turman v Amity OBG Assocs.,* 170 AD2d 668; *Papadopoulas v R.B. Supply Corp., supra; Meth v Maimonides Med. Ctr.,* 99 AD2d 799).

Contrary to the determination of the Supreme Court, the defendant's motion to dismiss the complaint was not untimely (*see, Davies v Slotkin,* 251 AD2d 533; *Lopez v Pathmark Supermarket, supra*). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.