■ Michelle McKinney, Respondent, v Rickey Corby, Appellant. [744 NYS2d 882] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 14, 2001, as denied his cross motion to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the cross motion is granted, and the complaint is dismissed.

CPLR 3216 provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him or her a written demand that he or she file a note of issue within 90 days, or in the event of a default, risk dismissal of the action (*see Carte v Segall,* 134 AD2d 397, 398; *see also Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). To avoid a default, a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 (*see Carte v Segall, supra* at 398; *see also Papadopoulas v R.B. Supply Corp., supra*). Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse for the delay and a meritorious cause of action to avoid the sanction of dismissal (*see* CPLR 3216 [e]; *Flomenhaft v Baron,* 281 AD2d 389). The fact that the defendant may have been dilatory in responding to discovery demands does not constitute a reasonable excuse for the plaintiff's failure to respond to the 90-day notice (*see Papadopoulas v R.B. Supply Corp., supra* at 553). In addition, the other excuses offered by the plaintiff are not reasonable. Therefore, the defendant's cross motion should have been granted. Ritter, J.P., Florio, Goldstein and Cozier, JJ., concur.