■ DAVID RAMCHARAN, Appellant, v 625 FULTON ASSOCIATES et al., Defendants, and HERBERT CONSTRUCTION COMPANY, INC., Respondent. (And a Third-Party Action.) [751 NYS2d 776] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County

(Jones, J.), dated November 16, 2000, which granted the motion of the defendant Herbert Construction Company pursuant to CPLR 3216 (a) to dismiss the complaint insofar as asserted against it for failure to prosecute.

Ordered that the order is affirmed, with costs.

CPLR 3216 "provides a party confronted with a less than diligent adversary with a means to expedite the prosecution of the action by serving upon him a written demand that he file a note of issue within 90 days, or in the event of a default, risk dismissal of the action" (*Carte v Segall,* 134 AD2d 397, 398; *see Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553). To avoid a default, "a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004" (*Carte v Segall, supra* at 398).

"Having failed to pursue either of the foregoing options, the plaintiff was obligated to demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal" (*Papadopoulas v R.B. Supply Corp., supra* at 553; *see* CPLR 3216 [e]; *Kwiatkowska v Aramburu,* 133 AD2d 810). The plaintiff failed to satisfy this standard. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.