(October 16, 1990)

■ ZVI GOLDSTEIN et al., Appellants, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents.—Order, Supreme Court, New York County (Eve M. Preminger, J.), entered on or about May 18, 1989, which granted the motion and cross motion of the defendants to dismiss, for failure to prosecute, and denied the cross motion of plaintiffs to extend time to file a note of issue, is unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion and cross motion of defendants are denied, the complaint reinstated, and cross motion of plaintiffs granted, upon condition that plaintiffs' attorneys pay a total of $1,000 to defendants' attorneys, comprising a $500 sanction to be paid by plaintiffs' former attorneys, Kaplan, Oshman & Forman, Esqs., based upon this court's modification of Special Term's order, dated October 31, 1986, and an additional $500 sanction imposed by this court, which is to be paid by plaintiffs' successor attorney, Tod Groman, Esq., within 30 days of service upon counsel of this court's order, with notice of entry, without costs, and in the event plaintiffs fail to so comply, the order appealed from, dismissing the complaint and the action, is unanimously affirmed, with costs.

On or about December 4, 1979, Mr. Zvi Goldstein underwent a triple coronary bypass operation, performed by Dr. F. C. Spencer (Dr. Spencer), in the New York University Medical Center (Hospital), located in New York County. During the course of that operation, a needle was left in Mr. Goldstein's chest, requiring a second operation to remove same.

Thereafter, in March 1982, Mr. & Mrs. Zvi Goldstein (plaintiffs) commenced a medical malpractice action against the Hospital, Dr. Spencer and Dr. E. Glassman (defendants) to recover damages, based upon the alleged negligence of defendants, in connection with the surgical procedures performed on Mr. Goldstein, discussed *supra.*

Following the joinder of issue, by order, Supreme Court, New York County, dated October 31, 1986, the trial court directed plaintiffs to pay a sanction of $500 to the Clerk of the Supreme Court, New York County, in view of the fact that plaintiffs had not complied with certain discovery demands of defendants. We find no evidence in the record that plaintiffs have paid that sanction.

Subsequently, in November 1988, defendant doctors, pursuant to CPLR 3216, served a notice to dismiss the action upon the plaintiffs, unless they filed a note of issue within 90 days.

When plaintiffs did not file a note of issue within the required period, defendant doctors moved, in February 1989, and defendant Hospital cross-moved, in April 1989, to dismiss the action for failure to prosecute. In response, plaintiffs, who had, in December 1988, changed counsel, cross-moved, in March 1989, by new counsel, to extend their time to file a note of issue. By order entered on or about May 18, 1989, the IAS court granted the defendants' motion and cross motion to dismiss the action, and denied the plaintiffs' cross motion for an extension of time. Plaintiffs appeal.

After our review of the record, we find that there is merit to plaintiffs' action. Significantly, in the examination before trial of defendant, Dr. Spencer, who performed the operation on plaintiff, Mr. Goldstein, he admitted that "the needle should not have been in there".

Although, as mentioned *supra,* the plaintiffs received a $500 sanction for not responding to defendants' discovery requests, and they have not in timely fashion responded to the 90-day notice, we find that the defendants have not presented any persuasive evidence indicating that they have been unduly prejudiced by those acts.

We have held that "[s]triking a pleading is a drastic sanction which a court may decline to impose * * * even where there has been willful and contumacious behavior" *(Schoffel v Velez,* 118 AD2d 492, 493 [1st Dept 1986]).

Based upon our factual and legal analysis, *supra,* we find that the IAS court abused its discretion in granting the motion and cross motion of defendants to dismiss the complaint in this matter, where any delay was caused by plaintiffs' attorneys and not by plaintiffs personally. Therefore we, in the exercise of our discretion, have fashioned a more equitable remedy.

Accordingly, we deny the motion and cross motion of the defendants to dismiss, and grant the cross motion of plaintiffs, upon condition that plaintiffs' attorneys pay a total of $1,000 to the defendants' attorneys, comprising a $500 sanction to be paid by plaintiffs' former attorneys, Kaplan, Oshman & Forman, Esqs., based upon this court's modification of Special Term's order dated October 31, 1986, and an additional $500 sanction imposed by this court, which is to be paid by plaintiffs' successor attorney, Tod Groman, Esq. Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.