■ MICHAEL CONWAY et al., Respondents, v BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendant. (And a Third-Party Title.) [623 NYS2d 2] —In an action to recover damages, *inter alia,* for negligence, the defendant Brooklyn Union Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated January 19, 1993, as, *inter alia,* conditionally granted the plaintiffs' motion for an extension of time in which to complete discovery and file a note of issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Brooklyn Union Gas Company contends that the plaintiffs' motion, pursuant to CPLR 2004, to extend the time in which to complete discovery and file a note of issue was untimely. We disagree. The plaintiffs received the defendant's 90-day notice on April 15, 1992. Thus, their motion dated July 14, 1992 was timely *(see,* CPLR 3216 [b] [3]).

Further, "[i]n order to avoid a default, a plaintiff served with a 90-day notice must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 * * * which requires the moving party to make 'a showing of need for the extension or good excuse for past delay' * * * An affidavit of merit is not * * * required where * * * the motion pursuant to CPLR 2004 was made prior to the expiration of the prescribed period

to respond" *(Carte v Segall,* 134 AD2d 397). Thus, the timely motion obviated the need for an affidavit of merit *(see, Shu Chaing Chan v Fendt,* 187 AD2d 574; *Kirkland v Community Hosp.,* 187 AD2d 566).

The trial court did not improvidently exercise its discretion in conditionally granting the plaintiffs' motion *(see, Salzman & Salzman v Gardiner,* 100 AD2d 846; *Versatile Furniture Prods. v 32-8 Maujer Realty,* 97 AD2d 463; *Mineroff v Macy's & Co.,* 97 AD2d 535). Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.