■ DEBORAH J. WALTON et al., Appellants, v CLIFTON SPRINGS HOSPITAL AND CLINIC et al., Respondents. [680 NYS2d 333] —Appeal from order insofar as it denied reargument unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this medical malpractice action in February 1991 against defendants arising out of medical treatment for injuries sustained by plaintiff Deborah J. Walton in an automobile accident in August 1988. Plaintiffs commenced separate actions against the driver of the other vehicle involved in the accident and the State of New York (State). On February 24, 1997, defendant Clifton Springs Hospital and Clinic (Hospital) served on plaintiffs a 90-day demand to resume prosecution and to file a note of issue pursuant to CPLR 3216 (b). On April 30, 1997, defendant Andre LeFebvre, M.D., served a similar demand. Before the expiration of either 90-day period, plaintiffs moved pursuant to CPLR 2004 for an order to vacate the demands or to extend the 90-day period indefinitely to allow them to pursue their action against the State in the Court of Claims. They stated that a favorable resolution of that action might eliminate the need to pursue the present action. The Hospital subsequently cross-

moved pursuant to CPLR 3216 to dismiss the complaint for want of prosecution. Supreme Court denied plaintiffs' motion and granted the Hospital's cross motion. Thereafter, LeFebvre moved pursuant to CPLR 3216 to dismiss the complaint for want of prosecution, and plaintiffs cross-moved to reargue their motion pursuant to CPLR 2004. The court granted LeFebvre's motion and denied plaintiffs' cross motion to reargue.

A motion pursuant to CPLR 2004 is addressed to the discretion of the court (*see, Salzman & Salzman v Gardiner,* 100 AD2d 846) and is a proper vehicle to seek an extension of time to file a note of issue after having been served with a 90-day demand pursuant to CPLR 3216 (*see, e.g., Conway v Brooklyn Union Gas Co.,* 212 AD2d 497; *Turman v Amity OBG Assocs.,* 170 AD2d 668). In order to avoid a default, a plaintiff served with such a demand must either file a timely note of issue or move for an extension of time within which to comply. The motion " 'requires the moving party to make "a showing of need for the extension or good excuse for past delay" ' " (*Conway v Brooklyn Union Gas Co., supra,* at 497, quoting *Carte v Segall,* 134 AD2d 397, 398). Contrary to the contention of the Hospital and LeFebvre, an affidavit of merit is not required where, as here, the motion pursuant to CPLR 2004 is made within the 90-day period (*see, Conway v Brooklyn Union Gas Co., supra,* at 497-498; *Carte v Segall, supra,* at 398). Although plaintiffs were not entitled to an indefinite extension, here the court did not decide the motion until the 90-day period had elapsed. Thus, under the circumstances of this case, plaintiffs were entitled to a brief extension to permit the filing of a note of issue. The court also erred in granting the cross motion of the Hospital and the motion of LeFebvre, dismissing the action for want of prosecution unconditionally. Thus, we modify the order by granting the Hospital's cross motion and LeFebvre's motion and dismissing the complaint unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, file and serve a note of issue. To the extent that the order appealed from also denies reargument, it is not appealable (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.— Dismiss Pleading.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.