■ GEORGE McCRORY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 1.) VICTOR ALVARADO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.) [721 NYS2d 712] —Carpinello, J. Appeal from an order of the Court of Claims (King, J.), entered December 23, 1999, which, *inter alia*, dismissed the claims for failure to prosecute.

At issue on this appeal is the dismissal of these two claims for failure to prosecute. Claimants were all inmates at Great Meadow Correctional Facility in Washington County during the summer of 1993 when they contracted food poisoning. The

instant claims, filed in August 1994 and November 1993, and later consolidated, seek damages for injuries allegedly sustained as a result of this incident. After claimants failed to file a note of issue and certificate of readiness by January 24, 1997 (as ordered by the Court of Claims on July 30, 1996)* or by May 1, 1998 (as again required on November 20, 1997), the court issued a 90-day order on May 13, 1998 subjecting the claims to dismissal in the event the note of issue was not filed (*see*, CPLR 3216). No note of issue was thereafter filed by claimants; rather, one day before the expiration of the 90-day period, they moved, *inter alia*, to compel certain discovery and for an extension of time in which to serve and file a note of issue. The State opposed the motion and cross-moved for dismissal of the claims or, alternatively, summary judgment. After granting several adjournments at the request of claimants' counsel, over one year later the Court of Claims ultimately denied claimants' motion and dismissed the claims on December 23, 1999, albeit on different grounds than requested by the State (the State sought to dismiss for failure to comply with discovery and the court dismissed for failure to prosecute). Claimants appeal.

Upon our review of the record, we find that the Court of Claims did not abuse its discretion in denying claimants' motion for an extension of time or in dismissing the claims for failure to prosecute (*see*, *Carota v Massapequa Union Free School Dist.*, 272 AD2d 428; *Walton v Clifton Springs Hosp. & Clinic*, 255 AD2d 964; *Rada v City of Yonkers*, 204 AD2d 523). The record reveals that claimants waited until March 18, 1998 to send out discovery demands to the State in this matter. This was nearly five years after the occurrence forming the basis for the claims, over four years after the first claim was filed and nearly two years after the first order requiring the filing of a note of issue. When served with the 90-day demand, claimants waited until one day before it expired to request an extension and then failed to make a sufficient showing that they genuinely needed the extension or that good cause existed justifying their significant past delay (*see*, *Walton v Clifton Springs Hosp. & Clinic, supra*; *Conway v Brooklyn Union Gas Co.*, 212 AD2d 497; *Carte v Segall*, 134 AD2d 397). Under these circumstances, dismissal pursuant to CPLR 3216 (a) was not an abuse of discretion.

---

* The July 30, 1996 order requiring claimants to complete discovery and file a note of issue by January 24, 1997 is not in the record; rather, an Assistant Attorney General defending the State in this matter averred that such order was issued by the Court of Claims. Claimants' counsel did not dispute this fact in his papers in opposition.

As a final matter, even if the Court of Claims abused its discretion in denying claimants' motion for an extension of time and in dismissing the claims, summary judgment in favor of the State would nevertheless have been warranted given its unrefuted demonstration that no vehicle of transmission was ever identified for the food poisoning outbreak and thus no negligence on the part of the State could actually be proven.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.