■ GEORGE VASQUEZ, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 102983.) [785 NYS2d 152]—

Peters, J. Appeal from a judgment of the Court of Claims (Hard, J.), entered July 2, 2003, which, inter alia, granted defendant's cross motion to dismiss the claim.

In this action to recover damages for personal injuries incurred in January 2000 while claimant was an inmate at the Ogdensburg Correctional Facility in St. Lawrence County, we are left to determine whether the Court of Claims properly dismissed the claim for want of prosecution pursuant to CPLR 3216. Eighty-one days after having been served with a 90-day notice (*see* CPLR 3216 [b]), claimant moved for, among other things, an order compelling witnesses to appear for depositions and a request to strike the 90-day demand. Defendant thereafter cross-moved to dismiss the claim. The Court of Claims granted defendant's cross motion upon finding that claimant's response was "a belated, ineffective effort to avoid dismissal of a claim that had long since been abandoned." Claimant appeals.

With no dispute that the cross motion to dismiss fully complied with all conditions precedent (*see* CPLR 3216 [b]), claimant was required to file a note of issue or move before the conclusion of the 90-day period to either vacate the notice or extend the time for filing (*see Blackmon v Meo*, 284 AD2d 711, 711-712 [2001], *lv denied* 97 NY2d 602 [2001]; *McCrory v State of New York*, 281 AD2d 797, 798 [2001]; *Schneider v Meltzer*, 266 AD2d 801, 802 [1999]; *Hogan v City of Kingston*, 243 AD2d 981, 982 [1997], *lv dismissed and denied* 91 NY2d 907 [1998]; *Mason v Simmons*, 139 AD2d 880, 881 [1988]; *see also Florestal v Little Flower Children's Servs. of N.Y.*, 9 AD3d 348, 348 [2004]; *Brown v World Fin. Props.*, 306 AD2d 303, 304 [2003]; *Stuckey v Westchester County Dept. of Transp.*, 298 AD2d 577, 578 [2002], *lv denied* 100 NY2d 502 [2003]). Notably, "[s]o long as [a] plaintiff serves and files a note of issue within the 90-day period, all past delay is absolved and the court is then without authority to dismiss the action" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *see* CPLR 3216 [c]; Siegel, NY Prac § 375, at 559 [2d ed]). But any response, short of filing the note of issue, will trigger CPLR 3216 (e), which provides that

"the court may take such initiative or grant such motion [for a dismissal] unless the [defaulting] party shows justifiable excuse for the delay and a good and meritorious cause of action."

Claimant contends that the motion that he made prior to the expiration of the 90-day period precluded the requirement of showing a justifiable excuse for the delay and an affidavit of merit. We disagree. When the motion is made pursuant to CPLR 2004, an affidavit will not be required (*see Walton v Clifton Springs Hosp. & Clinic*, 255 AD2d 964, 965 [1998]; *Conway v Brooklyn Union Gas Co.*, 212 AD2d 497, 497-498 [1995]; *Carte v Segall*, 134 AD2d 397, 398 [1987]). Yet, even in those circumstances, the statute " 'requires the moving party to make "a showing of [ ] need for the extension or good excuse for past delay" ' " (*Conway v Brooklyn Union Gas Co., supra* at 497, quoting *Carte v Segall, supra* at 398 [citation omitted]; *accord Walton v Clifton Springs Hosp. & Clinic, supra* at 965). As the papers here do not demonstrate that claimant made his motion pursuant to CPLR 2004, the Court of Claims correctly determined that due to the absence of a filing of a note of issue, the requirements of CPLR 3216 (e) were triggered.

CPLR 3216 is "extremely forgiving of litigation delay" (*Baczkowski v Collins Constr. Co., supra* at 503) for the underpinnings of the statute "presupposes that [a] plaintiff has tendered some excuse in response to the motion in an attempt to satisfy the statutory threshold" (*id.* at 504). However, here, the action has been checkered with neglect by claimant's counsel, engendering justifiable annoyance to the Court of Claims which sought to resolve the dispute in a timely manner (*see Moran v Rynar*, 39 AD2d 718, 719 [1972]). By court order dated June 25, 2001, the parties stipulated that all disclosure would be completed by February 8, 2002 and a note of issue would be filed by February 22, 2002. Claimant's counsel properly served a demand on October 24, 2001 for a bill of particulars, combined discovery and a notice to take depositions. Yet, the notice failed to identify the witnesses that claimant sought to depose. The February 22, 2002 deadline for filing the note of issue passed without further activity. The Court of Claims thereafter scheduled a compliance conference for September 19, 2002 at which claimant's counsel agreed that, on the very next day, he would notify the court of the date by which all outstanding discovery would be completed. No such communication was made. On September 26, 2002, claimant's counsel served notices to take depositions of named witnesses during the week of October 28, 2002. Defense counsel refused to produce the witnesses because the court-ordered deadline had expired. Defen-

dant immediately served the 90-day demand and claimant's counsel failed to appear for a previously scheduled compliance conference on October 25, 2002.

It is from this background that the Court of Claims considered claimant's proffer in response to the 90-day demand. The request to vacate was premised upon, among other things, an inability to complete discovery before the expiration of the 90-day period because defense counsel refused to produce the witnesses. While the Court of Claims' rejection of this excuse is wholly understandable in light of this history (*see id.* at 719), we nonetheless find that, with the motion made prior to the expiration of the 90-day period and the reality that compliance could not be completed without a court order, claimant's counsel has arguably demonstrated "an intention to proceed with the action" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502 [1997], *supra*) both before and during the 90-day period (*see also Hogan v City of Kingston*, 243 AD2d 981, 982 [1997], *supra*).

With claimant having suffered serious injuries and the complaint demonstrating a potentially meritorious cause of action, defendant's failure to demonstrate prejudice from this delay (*see Goldstein v New York Univ. Med. Ctr.*, 166 AD2d 252 [1990]) warrants us to conclude, in an effort to dispose of this action on the merits (*see Moran v Rynar, supra* at 719), that a lesser penalty, short of dismissal, should have been imposed. For these reasons, we deny defendant's cross motion to dismiss and instead impose a monetary sanction on claimant's counsel to deter his "dilatory behavior in the future" (*Lichter v State of New York*, 198 AD2d 687, 688 [1993]; *see Baczkowski v Collins Constr. Co., supra* at 505; *King v Jordan*, 243 AD2d 951, 953 [1997]).

Mugglin and Lahtinen, JJ., concur.

Crew III, J.P. (dissenting). We respectfully dissent. We fully understand the majority's position in ordering a sanction in lieu of dismissal, and we concede that this Court possesses the inherent authority to do so (*see* Siegel, NY Prac § 375, at 600 [3d ed]). In so doing, however, the majority implicitly holds that the Court of Claims improvidently exercised its discretion in dismissing this matter. While it is clear that the Court of Claims could have imposed a monetary sanction in lieu of dismissal, as the majority proposes here, we are unwilling to say, given the delay involved, that the court abused its considerable discretion in not doing so. In essence, the majority has elected to substitute its judgment for that of the Court of Claims, which is a choice to which we cannot subscribe.

Carpinello, J., concurs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as

granted defendant's cross motion; cross motion denied, sanctions in the amount of $2,500 are imposed against claimant's counsel, payable to defendant, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.