■ JUANITA GRANT, Appellant, v CITY OF NEW YORK, Respondent. [793 NYS2d 35]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered on or about December 16, 2003, which denied plaintiff's motion to vacate defendant's 90-day notice, compel defendant to comply with discovery demands and permit plaintiff to file her note of issue upon completion of discovery, and granted defendant's CPLR 3216 cross motion to dismiss, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted, defendant's cross motion denied, and the complaint reinstated.

Plaintiff alleges that she was injured on August 2, 1996 while employed in construction work on the Madison Avenue Bridge, owned by defendant City of New York. She commenced this personal injury action against the City on or about October 6, 1997. Issue was joined in December 1997. Apparently, defendant also served a demand for a bill of particulars and a demand for discovery, because on or about April 23, 1998, plaintiff served on defendant a verified bill of particulars, a response to defendant's discovery demand, and her own discovery demands. Although defense counsel states that the City "served responses to plaintiff's discovery demands," from the record it appears that plaintiff's counsel is correct in stating that defendant never responded to the majority of plaintiff's discovery demands, most crucially her notice for discovery and inspection of various documents. No further action was taken in the case after plaintiff's service of the foregoing documents, until five years later.

Defendant sent a 90-day notice dated July 8, 2003 by regular mail; the record does not reflect when it was mailed or what date it was received, although plaintiff acknowledges its receipt. By notice of motion dated October 7, 2003, plaintiff moved to vacate the notice and restore the case to active status, and

permit the filing of a note of issue following the completion of discovery. Defendant's cross motion to dismiss the action followed.

The motion court erred in denying plaintiff's motion and dismissing the action on grounds that plaintiff failed to provide a justifiable excuse for the failure to prosecute or the existence of a good and meritorious cause of action.

Initially, the observation by the motion court that the matter was marked off the calendar "by order of July 7, 1999" does not justify a conclusion that the matter must be deemed abandoned. This "order" was presumably a computer entry following the calling of a prenote calendar. However, while CPLR 3404 directs that an action marked "off" or struck from the calendar or unanswered on a clerk's calendar call and not restored within a year, is to be "deemed abandoned and . . . dismissed . . . for neglect to prosecute," that provision does not apply to cases in which a note of issue has not been filed (*Johnson v Sam Minskoff & Sons*, 287 AD2d 233 [2001]). Since no note of issue had been filed in this matter, CPLR 3216 rather than section 3404 was the applicable provision (*see Lourim v Keystone Shipping Co.*, 302 AD2d 313 [2003]).

Defendant sufficiently satisfied the preconditions to dismissal required by CPLR 3216 (b) (3). Although defendant mailed the notice by regular mail rather than by registered or certified mail as directed by CPLR 3216 (b) (3), the irregularity is not fatal here, inasmuch as plaintiff admittedly received the notice (*see Balancio v American Opt. Corp.*, 66 NY2d 750 [1985]).

Nevertheless, dismissal was not warranted.

The motion court held that plaintiff was required to demonstrate both a reasonable excuse and the existence of a meritorious cause of action. We disagree. CPLR 3216 (e) requires a showing of justifiable excuse and a meritorious cause of action when the party served with a 90-day notice "fails to serve and file a note of issue within such ninety day period." Although it does not specifically discuss the possibility that a plaintiff might instead, within that time period, need to seek an extension of time in order to complete discovery before filing a note of issue, numerous cases establish that a motion seeking such an extension constitutes a sufficient, timely response to a 90-day notice. These cases explain that a plaintiff who *fails* to comply with a 90-day notice "*either* by timely filing [of] a note of issue *or* moving for an extension of time within which to comply pursuant to CPLR 2004," is in default of the notice and therefore must demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (*see Papadopou-*

*las v R.B. Supply Corp.*, 152 AD2d 552, 553 [1989] [emphasis supplied]; *see also Abelard v Interfaith Med. Ctr.*, 202 AD2d 615 [1994]). Conversely, these cases suggest, making an application to extend plaintiff's time to file a note of issue within that 90-day period serves to prevent a default on the notice. " 'An affidavit of merit is not . . . required where . . . the motion pursuant to CPLR 2004 was made prior to the expiration of the prescribed period to respond' " (*Conway v Brooklyn Union Gas Co.*, 212 AD2d 497, 497-498 [1995], quoting *Carte v Segall*, 134 AD2d 397, 398 [1987]).

Here, where plaintiff, within the 90-day period, *timely* moved for an extension of time, she was not required by CPLR 3216 (e) to demonstrate a reasonable excuse or a meritorious cause of action in order to avoid dismissal, since she was not in default of the 90-day notice.

CPLR 2004 gives courts discretion to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown." This statute permits an extension of a plaintiff's time to serve and file a note of issue following service of a 90-day notice (*see Conway v Brooklyn Union Gas, supra*; Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3216:19, at 626-627; C3216:26, at 633). If such an application is granted, a note of issue served and filed within the extended period must be deemed to be timely under the 90-day notice.

Therefore, the issue to be decided is whether there was good cause shown for the requested extension of plaintiff's time to file her note of issue pursuant to the 90-day notice. In exercising its discretion as to whether an extension should be granted, "the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, [and] whether the moving party was in default before seeking the extension" (*Tewari v Tsoutsouras*, 75 NY2d 1, 12 [1989]; *see* Alexander, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 2004, at 693). Law office failure may be accepted as an excuse (*Tewari, supra*).

If plaintiff had been ready to file her note of issue within the 90-day period, she would have been entitled to proceed with the litigation irrespective of the length of the prior delay (*see* CPLR 3216 [b]); the minor additional delay needed to complete discovery should not require the opposite result. There was nothing willful about the delay, plaintiff was not in default when seeking an extension of time, and she sought only to obtain the documents she had already requested in her previously served

discovery demands. Moreover, despite defendant's emphasis on the five-year hiatus in the prosecution of this action, its vague claims of the possibility of lost witnesses and faded memories fail to demonstrate that actual prejudice will ensue. Particularly in view of the strong preference in our law that actions be decided on their merits (see Marks v Vigo, 303 AD2d 306 [2003]), a sufficient showing of good cause was made to support the needed brief extension.

The denial of an extension of plaintiff's time to serve and file her note of issue following service of the 90-day notice constituted an abuse of discretion. The action must therefore be reinstated and a short schedule set for the completion of discovery and the filing of plaintiff's note of issue. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.