■ CHERYL FOLEY et al., Appellants, v WEST-HERR AUTOMO- TIVE GROUP, INC., Defendant, and WEST-HERR FORD, INC., et al., Respondents. [881 NYS2d 916]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered May 5, 2008 in a personal injury action. The order denied the motion of plaintiffs seeking, inter alia, permission to conduct further discovery.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in denying the motion of plaintiffs seeking permission to conduct further discovery and to vacate the court's demand to serve and file a note of issue pursuant to CPLR 3216 (b) (3) within 90 days. The court's demand provided that, in the event that plaintiffs failed to comply with the demand, the court upon its own motion would dismiss the complaint based on plaintiffs' unreasonable neglect in proceeding with the action. We note that plaintiffs moved within the 90-day period to vacate the demand and for an extension of time in which to complete discovery, thereby avoiding default with respect to the court's demand (*see Walton v Clifton Springs Hosp. & Clinic*, 255 AD2d 964, 965 [1998]; *Conway v Brooklyn Union Gas Co.*, 212 AD2d 497 [1995]; *cf. Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503-504 [1997]). We further note, however, that "[t]he motion requires the moving party to make a showing of need for the extension or good excuse for past delay" (*Walton*, 255 AD2d at 965 [internal quotation marks omitted]; *see* CPLR 2004; *Cook v City of New York*, 11 AD3d 424 [2004]). We conclude that plaintiffs failed to demonstrate good cause for an extension of time in which to complete discovery, and they also failed to present a good excuse for the delay. Plaintiffs sought to excuse the prior delay by showing that the court's discovery deadline was ineffective, in view of the parties' continued discovery and the determination of an appeal after that deadline had expired. However, the record does not support the conclusion that the court's demand pursuant to CPLR 3216 (b) (3) was based upon plaintiffs' violation of its discovery deadline, as opposed to the failure of plaintiffs to move the case forward after the discovery deadline had expired. We therefore conclude that the court did not abuse its discretion in denying the motion. We note in any

event that the order denying plaintiffs' motion further extended the time in which to file a note of issue and statement of readiness beyond the original 90-day deadline in the demand, and it specified that, in the event that plaintiffs did not comply with that later deadline, the court's motion to dismiss the complaint would be "heard" on such later date. Thus, the order in effect gave plaintiffs yet another extension of time in which to complete discovery. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.