Bustamante v Green Door Realty Corp. (2018 NY Slip Op 00803)





Bustamante v Green Door Realty Corp.


2018 NY Slip Op 00803


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5619 13908/99

[*1]Ivalisse Bustamante, etc., et al., Plaintiffs-Appellants,
v
Green Door Realty Corp., et al., Defendants-Respondents.


Richard Janowitz, P.C., Mineola (Richard Janowitz of counsel), for appellants.
Silverson, Pareres & Lombardi LLP, New York (Joseph Marchese of counsel), for respondents.



Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 7, 2016, which denied plaintiffs' motion to, among other things, extend the time to file the note of issue, and granted defendants' cross motion to dismiss the action for, among other things, failure to prosecute, unanimously affirmed, without costs.
On a prior appeal, this Court granted renewal on plaintiffs' motion to vacate a default entered against them, granted plaintiffs' motion to vacate, and reinstated the complaint "in the interest of justice and substantive fairness" (Bustamante v Green Door Realty Corp., 69 AD3d 521, 522 [1st Dept 2010]). Plaintiffs, however, have squandered their second chance at litigation.
Plaintiffs failed to comply with the motion court's demand, made pursuant to CPLR 3216, that they serve and file a note of issue by a date beyond the statutory 90-day period. Rather than comply, after the period set forth by the court expired, plaintiffs moved to extend the time to file a note of issue, offering no explanation for not having moved earlier (see Grant v City of New York, 17 AD3d 215 [1st Dept 2005]).
Moreover, plaintiffs failed to demonstrate a justifiable excuse for noncompliance with the motion court's CPLR 3126 notice (see id.; Pryce v Montefiore Med. Ctr., 114 AD3d 594, 595 [1st Dept 2014]). Plaintiffs failed to produce four plaintiffs for depositions, in defiance of five court orders and a stipulation. Plaintiffs' excuse — that it was difficult to locate some of the plaintiffs — was conclusory and unreasonable, as they failed to identify what efforts were made, when they were undertaken, or when counsel lost touch with these plaintiffs (see Touray v Munoz, 96 AD3d 623 [1st Dept 2012]; Reidel v Ryder TRS, Inc., 13 AD3d 170 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK