Rozefort v Bronx Lebanon Hosp. Ctr. (2021 NY Slip Op 01152)





Rozefort v Bronx Lebanon Hosp. Ctr.


2021 NY Slip Op 01152


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 20054/15E Appeal No. 13184 Case No. 2020-01860 2020-02702 

[*1]Flossie Bowman Rozefort etc., Plaintiff-Appellant,
v
Bronx Lebanon Hospital Center, et al., Defendants-Respondents. 


C. Robinson & Associates, LLC, New York (W. Charles Robinson of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Bronx Lebanon Hospital Center, respondent.
Bartlett LLP, Garden City (Robert G. Vizza of counsel), for Jewish Home Life Care and Jewish Home Life Care, Manhattan, respondents.



Judgment, Supreme Court, Bronx County (Joseph E. Capella, J.), entered August 27, 2019, dismissing the complaint pursuant to an order, same court and Justice, entered August 5, 2019, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3216 and denied plaintiff's cross motion to vacate the 90-day notices served by defendants, unanimously reversed, on the law, without costs, the motions denied and the cross motion granted.
The 90-day period expired on or around August 19, 2018 (CPLR 3216[b][3]). Plaintiff moved by order to show cause to, inter alia, extend the time to file a note of issue on August 1, 2018. Supreme Court declined to sign the order to show cause on August 10, and its declination was not entered into the NYSCEF system until August 20, one day after the time to seek an extension had expired. Under these facts, the proposed order to show cause was sufficient to constitute a timely motion to extend the time to comply with the notices (see Grant v City of New York, 17 AD3d 215, 216-217 [1st Dept 2005]). As such, reasonable excuse and meritorious cause of action need not be demonstrated (id.). Instead, the issue is whether there was good cause shown to extend plaintiff's time to file her note of issue (id. [citing CPLR 2004]). The record demonstrates good cause in that plaintiff has complied adequately with discovery demands. In view of the strong preference that actions be decided on their merits, this matter should be reinstated with an expedited schedule set for the completion of discovery and the filing of plaintiff's note of issue. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021