| |
|---|
| **Slabakis v Poyiadjis** |
| 2024 NY Slip Op 31954(U) |
| June 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655855/2018 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**                          PART          **61M**

*Justice*

-------------------------------------------------------------------------------X

ANGELO SLABAKIS,

                         Plaintiff,

             - v -

ROYS POYIADJIS and CINCINNATI TERRACE PLAZA, LLC

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655855/2018 |
| MOTION DATE | 5-6-24 / 6-5-24 |
| MOTION SEQ. NO. | 010 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394

were read on this motion to/for                        DISCOVERY                .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 441, 442, 443, 444

were read on this motion to/for                        DISCOVERY                .

      This breach of contract action to collect a finder's fee allegedly due in connection with the sale of real estate was commenced in 2018. The defendants dispute the plaintiff's assertion that an agreement was reached by a collection of email messages. Discovery has been ongoing for several years and the Note of Issue date was initially set as January 11, 2023, and later extended. All depositions were to be completed by February 1, 2023, per status conference order dated December 1, 2022 (Ostrager, J. [Ret.]).

      In a status conference order dated January 17, 2023, Justice Ostrager noted that "the parties have been unnecessarily sparring about the timing and sequencing of depositions in the 5-year-old case" and cautioned that "there is to be no further correspondence with the court about discovery issues that the parties should be able to resolve amicably." By an order dated June 22, 2023, Justice Ostrager granted a motion by the defendants to quash a subpoena served on non-party James Smith, an attorney for the defendants in the underlying real estate

655855/2018  SLABAKIS, ANGELO vs. POYIADJIS, ROYS
Motion No. 010 011

Page 1 of 4

[* 1]

transaction, to the extent that any documents that may be privileged and included in a privilege log need not be disclosed.

In an order dated February 22, 2023, Justice Ostrager extended the Note of Issue deadline to September 29, 2023, noting that the extension was "solely due to the lack of cooperation between counsel."

In February 2023, the defendants moved for summary judgment and the plaintiff cross-moved for the same relief. By an order dated August 9, 2023, the court denied both motions and also extended the Note of Issue deadline again, this time to December 20, 2023. In a status conference order dated October 20, 2023, Justice Ostrager held that "the Note of Issue deadline of December 20, 2023, *will not be extended for any reason.*"  By an order dated December 8, 2023, Justice Ostrager granted a motion by the plaintiff to depose non-parties James Smith, and Harris Stasis, a principal of a non-party entity involved in the real estate transaction, and again denied so much of the motion that sought production of communications that may be subject to attorney-client privilege, without prejudice to renew that motion after the deposition. The court directed the parties to meet and confer "in regard to discovery deadlines."  That was not done. This case was re-assigned to this court in February 2024, following Justice Ostrager's retirement from the bench.

On April 11, 2024, this court held a status conference and, after hearing from counsel and reviewing the prior orders, noted that the depositions of Smith and Statis permitted by the December 8, 2023, order, had not been done and also that there was "no reasonable excuse for failure to complete discovery in this 2018 case" which then still had an operative Note of Issue date of December 20, 2023. Nonetheless, this court extended the Note of Issue deadline to April 22, 2024, giving the parties an additional ten days to complete any remaining discovery and file the Note of Issue. The court expressly noted in that order that the Note of Issue deadline of April 22, 2024, *"shall not be extended and all discovery is required to be done prior to that date or is waived".*  The court also cautioned counsel against unprofessional conduct, as Justice Ostrager had done in a prior order.  It appears that Smith and Statis were deposed sometime after that status conference, but no Note of Issue was filed.

Undeterred, the plaintiff recently filed two more discovery motions. In MOT SEQ 010, he seeks to compel Smith to provide certain communications with the defendants that were listed in a privilege log and to again extend the Note of Issue filing deadline. The defendants oppose that

655855/2018  SLABAKIS, ANGELO vs. POYIADJIS, ROYS
Motion No.  010 011

Page 2 of 4

[* 2]

motion. In MOT SEQ 011, the plaintiff seeks an order pursuant to CPLR 3124 compelling Stasis to answer certain deposition questions posed to him and produce certain documents and to impose sanctions on Statis pursuant to 22 NYCRR 130-1.1. The defendants oppose that motion and cross-move pursuant to CPLR 3103(a) for a protective order and for sanctions against the plaintiff and his counsel for frivolous conduct pursuant to 22 NYCRR 130-1.1. The motions are denied; the cross-motion is granted in part.

In considering a motion to extend a Note of Issue filing deadline, the court "may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay [and] whether the moving party was in default before seeking the extension." Grant v City of New York, 17 AD3d 215, 217 (1st Dept. 2005) *quoting* Tewari v Tsoutsouras, 75 NY2d 1,12 (1989). Considering these factors, the plaintiff's motion is denied. Indeed, the operative complaint contains a single cause of action for breach of contract, yet discovery was unnecessarily protracted over several years. Moreover, the Note of Issue filing deadline was already extended several times and both Justice Ostrager and this court have expressly held that there would be no further extension. The court further notes that by moving for summary judgment in February of 2023, the plaintiff was effectively representing that discovery was complete by that time. In any event, any additional discovery now sought by the plaintiff was deemed waived, per the order dated April 11, 2024. In that regard, and as correctly observed by the defendants in reference to the communications sought from Smith, the plaintiff's prior motion for the same relief was denied but, even though denied without prejudice to renew after the Smith deposition, the plaintiff has failed to demonstrate any deposition testimony warranting granting that additional relief. Nor is there is any basis shown to impose sanctions against non-party Statis.

The branch of the defendants cross-motion that seeks a protective order is granted to the extent that they need not provide any further discovery, as set forth above.  The branch of the cross-motion that seeks sanctions is also denied. While the plaintiff's dilatory conduct, and these two additional discovery motions, viewed together, may be described as frivolous within the meaning of 22 NYCRR 130-1.1, the defendants have also contributed to some of the discovery delays over the course of this litigation, as memorialized in the court's orders. However, the denial of this branch of the motion is without prejudice such that any further improper conduct may subject the plaintiff and/or his counsel to monetary sanctions. The defendants' allegations of harassing and bullying by plaintiff and counsel are most concerning.

655855/2018  SLABAKIS, ANGELO vs. POYIADJIS, ROYS
Motion No.  010 011

Page 3 of 4

The plaintiff's remaining contentions, including his argument for a crime-fraud exception to the attorney-client privilege, have been considered and rejected as unavailing.

Any relief not expressly granted herein is denied.

Absent a timely Note of Issue, no action will be put on the court's trial calendar. In other words, the plaintiff ran himself out of time by December 2023. However, settlement remains an option. Therefore, the parties are encouraged to explore settlement on their own and shall promptly comply with any ADR order issued by the court. Counsel is also referred to the Rules of Part 61 for guidance on letters to the court.

Accordingly, upon the foregoing documents, and this court's prior orders, it is

ORDERED that the plaintiff's motion to compel further discovery and extend the Note of Issue date (MOT SEQ 010) is denied, and it is further

ORDERED that the plaintiff's motion to compel further discovery and for sanctions (MOT SEQ 011) is denied, and it is further

ORDERED that the defendants' cross-motion (MOT SEQ 011) is granted to the extent that they need not provide any further discovery; and the motion is otherwise denied without prejudice.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**6/5/2024**
**DATE**                                                                          .

**CHECK ONE:**

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |

**655855/2018  SLABAKIS, ANGELO vs. POYIADJIS, ROYS**          **Page 4 of 4**
**Motion No.  010 011**